## LAMBERT *against* THE PEOPLE.

On error in    IN January last, the plaintiff in error was convicted of
a    criminal  a conspiracy in the oyer and terminer of the city of New-
cause, a certi-
orari to return York; and sentenced to be imprisoned.  He prosecuted a
diminution,
need not  be   writ of error, which was returned on the 4th of May, 1827.
allowed by a
judge.         On that day, his attorney assigned errors, alleging for di-
It  may  be    minution, that the indictment was found in the general ses-
served by de-
livering it to sions, and sent to the oyer and terminer; but there was no
the  clerk  of
[*104]         rule for this purpose entered in the general sessions; *and
the court be-  praying a certiorari to the judges of the sessions.  The as-
low, in vaca-
tion, who may  signment also alleged for diminution, that there was no in-
return it im-  dictment purporting to be found by the general sessions,
mediately,
though it be   on file in the court of oyer and terminer; and prayed a
directed to the
court.         certiorari to the judges of the oyer and terminer.  On the
It    should
properly be directed to the court.

And a motion to amend, by directing it to the clerk, was denied.

The court of error will not direct a rule upon the clerk of the court below, to return.

Such rule should be upon the court below, who should order their clerk to return, if he
improperly refuse.

The plaintiff may not enter a rule to join in error, of course on assigning errors in a crim-
inal cause, as in ordinary cases; but the court will grant a rule on special motion.

In this case, they granted a rule of 20 days from the day when the assignment of errors
was served on the district attorney.

same day, writs of certiorari, returnable without delay,
were issued to these courts, and delivered to their respec-
tive clerks. The clerks declined to return them, on the
ground that they were not allowed by a judge; and had
not been delivered in open court. A copy of the assign-
ment was served on the district attorney.

*D. B. Tallmadge,* now moved for a rule that the clerks
return immediately; and also for a rule that the district
attorney join in error immediately. He said the certiorari
was of course, and need not be allowed. 4 Cowen, 91,
533. It may be served in vacation, like a mandamus; 4
Cowen, 73 and 403; and the clerk should return it. The
plaintiff may be ruled by the defendants to return his cer-
tiorari in four days; and if this is not done, the defendants
may enter a *non misit breve.* 1 Salk. 267; 2 Sel. Pr. 378;
Tidd. 1112. In the court of errors, and house of lords, the
plaintiff must cause his writ to be returned at a short day,
or lose the benefit of it. 1 Archb. Pr. 231; 2 Dunl. Pr.
1147. This shows the writ must be returned by the clerk
of the court below. If he cannot be compelled to do it,
the plaintiff would, in all cases, lose the benefit of the
diminution alleged.

We ask a rule to join in error, because we suppose none
can be entered of course in a criminal case.

If the court will not give us a rule against the clerk, upon
these writs, then we ask new writs directed to the clerks.
The writ may, in some cases be directed to the officer known
to have the custody of the record; though ordinarily it
should go to the judges. Bac. Abr. Certiorari ;(F) 1 Chit.
C. L. 389; Hawk. P. C. ch. 27, s. 38; Dyer, 163.(*b*)

*Curia.* The certiorari to return diminution, need not be
allowed by a judge. It was properly directed to the
*courts below, and delivered to the clerk of the courts re-       [*105]
spectively, who may properly return it. But if he de-
clines doing so, the motion to compel him to return, should,
upon these writs, be made to the court below. Any rule
to return, which we can make, must follow the writs; and

NEW YORK,
May, 1827.

be made upon the courts to which they are directed. We therefore, deny the motion for a rule against the clerk.

We also deny the motion for amended writs to the clerk; on the ground that they are properly directed to the courts.

As to the motion for a rule to join in error; the plaintiff may take a rule of 20 days from the day when the assignment of errors was served.

Rule accordingly.